**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| DAMETRICE MAURICE BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00134-JMB |
| ) | |
| UNKNOWN DUNBAR et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Dametrice Maurice Barnes's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2), Motion for Appointment of Counsel (ECF No. 3), and review of the amended complaint (ECF No. 5) under 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will grant Plaintiff's request to proceed without prepaying fees or costs and will assess an initial partial filing fee of $2.23. *See* 28 U.S.C. § 1915(b)(1). The Court will deny Plaintiff's Motion for Appointment of Counsel. Further, the Court will order the Clerk of Court to issue process against Defendants in their individual capacities on Plaintiff's Eighth Amendment and state law claims. The Court will dismiss Plaintiff's official capacity and equal protection claims.

**Application to Proceed Without Prepaying Fees or Costs**

Congress has mandated that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed in forma pauperis ("IFP").

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

In support of his Application, Plaintiff has submitted an account statement that reflects an average monthly balance of $11.17 for the six-month period preceding the initial complaint. (ECF No. 5). Considering the information in Plaintiff's account statement, the Court will grant Plaintiff's Application and assess an initial partial filing fee of $2.23, representing 20% of Plaintiff's average balance.

**Standard Under 28 U.S.C. § 1915**

While federal law allows qualifying individuals to proceed IFP, the designation is subject to statutory safeguards that require the Court to evaluate a complaint before issuing service of

2

process on defendants. Under this initial screening process, the Court must dismiss any complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court must liberally construe complaints filed by self-represented individuals under § 1915(e)(2). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If the essence of an allegation is discernible, the Court must interpret the complaint in a way that allows the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Liberal construction, however, does not exempt self-represented plaintiffs from the fundamental requirement of pleading facts sufficient to state an actionable claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court will not supply additional facts or construct legal theories to support a plaintiff's claims. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

To adequately state a claim for relief, a complaint must include sufficient factual detail to demonstrate that the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action" are insufficient. *Id*. at 678. A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### The Amended Complaint

Plaintiff is an inmate at the South Central Correctional Center ("SCCC") in Licking, Missouri. (ECF No. 5). He brings this suit under 42 U.S.C. § 1983 against correctional officers Unknown Dunbar and Seth Chandler in their official and individual capacities.[1] He alleges that on

---

[1] In a recent ruling, the Eighth Circuit Court of Appeals abandoned its clear statement rule and adopted the "course of proceedings" test to determine whether a § 1983 defendant is being sued in their individual or official capacity. *S.A.A. v. Geisler*, No. 23-3119, 2025 WL 426999, at *2-4 (8th Cir. Feb. 7, 2025). In its decision, the Eighth Circuit offered a non-exhaustive list of factors that courts must consider, including how early the plaintiff indicates an intention to

3

February 6, 2024, unspecified officials instructed him to step out of his cell so a nurse could administer an injection to his cellmate. While outside, Plaintiff requested protective custody from his cellmate, but Defendants denied the request and ordered him to return to his cell. When Plaintiff refused, Defendants forced him to the ground. Plaintiff claims that Defendant Chandler then tightened a handcuff around his right wrist "as tight as he could," stood over him, and pepper-sprayed him in the face. Defendants then "threw" Plaintiff back into the cell without allowing him to wash the chemical agent from his eyes. After the incident, Defendant Chandler issued a conduct violation against Plaintiff.

Plaintiff alleges that he experienced burning eyes, difficulty breathing, and temporary blindness for approximately eight hours. He further reports permanent eye damage and vision loss. He states that he requested protective custody from his cellmate on three separate occasions and received a retaliatory conduct violation each time.

Plaintiff seeks $1 million in actual damages from Defendant Chandler, and $250,000 in punitive damages from both Defendant Chandler and Defendant Dunbar.

## Discussion

Plaintiff brings claims under the Eighth and Fourteenth Amendments, as well as state law claims for negligence, assault, and battery. The Court will address each in turn. Before doing so, however, the Court must evaluate the viability of Plaintiff's official capacity claims.

---

pursue individual capacity claims and whether the plaintiff seeks punitive damages. *Id*. In his Amended Complaint, Plaintiff does not specify capacity for Defendant Chandler. (ECF No. 5 at 2). However, Plaintiff explicitly specifies both individual and official capacity for Defendant Dunbar. *Id*. at 3. Plaintiff also seeks punitive damages against both Defendants. Considering these factors, the Court finds that Plaintiff intends to sue Defendants in both their individual and official capacities.

4

1. **Official Capacity Claims**

    Plaintiff sues Defendants in their individual and official capacities. An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

    Here, Plaintiff alleges that Defendants work for SCCC. Therefore, to succeed on his individual capacity claims, he must establish the prison's liability for their alleged wrongdoing. *See Kelly*, 813 F.3d at 1075. Plaintiff cannot do so in this case for two reasons. First, § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, in the absence of a waiver, the Eleventh Amendment bars suit against a state or its officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). For these reasons, the Court will dismiss Plaintiff's official capacity claims under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

2. **Excessive Force Under the Eighth Amendment**

    The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain[.]" *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether the force was applied "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017); *see also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir.

2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically."). To determine whether force was used in good faith, courts consider "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Stewart v. Precythe*, 91 F.4th 944, 949 (8th Cir. 2024) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

**2.1 Defendant Chandler**

Plaintiff asserts that Defendant Chandler threw him to the ground, squeezed his right wrist in handcuffs, and pepper-sprayed his face. Put another way, Plaintiff alleges that Defendant Chandler sprayed him while already restrained and on the ground. Accepted as true, these allegations allow the Court to infer that Defendant Chandler acted maliciously and sadistically to cause harm. While Chandler may ultimately be able to establish a justification for his use of force, Plaintiff's allegations are sufficient to survive initial review. *See Iqbal*, 556 U.S. at 678 (A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

**2.2 Defendant Dunbar**

Plaintiff asserts that Defendant Dunbar helped force Plaintiff to the ground and shoved Plaintiff both before and after the use of pepper spray. Here again, accepted as true, these allegations allow the Court to infer that Defendant Dunbar acted maliciously and sadistically to cause harm. There is no indication at present that force was necessary at any point, especially after Plaintiff had been pepper-sprayed. While Dunbar may ultimately be able to establish a justification for his use of force, Plaintiff's allegations are sufficient to survive initial review. *See Iqbal*, 556 U.S. at 678.

### 3. Deliberate Indifference Under the Eighth Amendment

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, an inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

A claim of deliberate indifference "requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Under the subjective prong, the plaintiff must show that a prison official actually knew of but disregarded that serious medical need. *Jackson*, 756 F.3d at 1065. To satisfy the subjective prong, the plaintiff must demonstrate that the defendant's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). This requires "a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017); *see also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health").

Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995); *see also Davis v. Buchanan County, Missouri*, 11 F.4th 604, 624 (8th Cir. 2021). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In support of his deliberate indifference claim, Plaintiff asserts the same allegations against Defendants Chandler and Dunbar. He states that Defendants refused to let him clean his face after being sprayed. As a result, Plaintiff claims that he experienced burning eyes, difficulty breathing, and temporary blindness for approximately eight hours. Taken as true, these allegations warrant an inference that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff alleges that he was left to languish for eight hours after being pepper-sprayed and that he suffered permanent eye damage as a result. Defendants would necessarily have been aware of Plaintiff's condition because Defendant Chandler deployed the chemical agent and Defendant Dunbar witnessed its use. While discovery may yield facts that challenge Plaintiff's allegations, they are sufficient at this point to survive initial review. *See Iqbal*, 556 U.S. at 678.

**4. Equal Protection Under the Fourteenth Amendment**

The Equal Protection Clause requires the government to treat similarly situated individuals alike. *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). The first step in an equal protection analysis is determining whether the plaintiff has shown that they were treated differently from others who were similarly situated. *Id*. Without this threshold showing, the plaintiff does not have a viable equal protection claim. *Id*.

8

In support of his equal protection claim, Plaintiff states only that Defendants denied his requests for protective custody. He does not allege that Defendants treated him differently than similarly situated inmates. Consequently, Plaintiff does not have a viable equal protection claim and the Court will dismiss the same without prejudice. *See Klinger*, 31 F.3d at 731; *see also Martin*, 623 F.2d at 1286 (stating that liberal construction does not exempt self-represented plaintiffs for pleading facts sufficient to state an actionable claim).

5. **Negligence**

In Missouri, to establish a claim of negligence, a plaintiff must establish: (1) the defendant owed a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach proximately caused plaintiff's injury. *Scott v. Dyno Nobel, Inc.*, 108 F.4th 615, 625 (8th Cir. 2024).

Plaintiff's negligence claim relies on the same facts as his deliberate indifference claim. While Plaintiff does not explicitly state that Defendants owed him a duty and failed to perform that duty, the Supreme Court has recognized that states have an obligation to provide adequate medical treatment to those in their custody. *West v. Atkins*, 487 U.S. 42, 55 (1988). Therefore, the Court finds that Plaintiff's factual allegations, liberally construed and considered in conjunction with his deliberate indifference claim, are sufficient to survive initial review. *See Iqbal*, 556 U.S. at 678.

6. **Assault and Battery**

To establish a claim of assault under Missouri law, a plaintiff must establish: (1) the defendant acted with the intent to cause bodily harm or offensive contact, or to create a reasonable apprehension of such harm or contact; (2) the defendant's conduct indicated such intent; and (3)

the plaintiff experienced apprehension of imminent bodily harm or offensive contact because of the defendant's actions. *Phelps v. Bross*, 73 S.W.3d 651, 656 (Mo. Ct. App. 2002).

Battery under Missouri law is defined as an intended and offensive bodily contact with another person. *See Phelps*, 73 S.W.3d at 656. Battery is the consummation of assault. *Devitre v. Orthopedic Ctr. of St. Louis, LLC*, 349 S.W.3d 327, 335 (Mo. 2011). Thus, every battery necessarily includes an assault. *Martin v. Yeoham*, 419 S.W.2d 937, 946 (Mo. App. 1967).

Here, Plaintiff alleges that Defendants forced him to the ground. He further claims that Defendant Chandler restrained and pepper-sprayed him, and that Defendant Dunbar shoved him. Plaintiff contends that Defendants acted in retaliation against him for requesting protective custody. Construing these allegations liberally, the Court finds that Plaintiff has stated plausible claims for assault and battery against both Defendants Chandler and Dunbar.

## Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel (ECF No. 3). Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the

ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated up to this point that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear complex. The Court may entertain future motions for appointment of counsel as the case progresses.

**Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's Application to Proceed Without Prepaying Fees or Costs and will deny Plaintiff's Motion for Appointment of Counsel. Further, the Court will order the Clerk of Court to issue process against Defendants in their individual capacities on Plaintiff's Eighth Amendment and state law claims. The Court will dismiss Plaintiff's official capacity and equal protection claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed Without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $2.23 **within thirty (30) days** of the date of this order. Plaintiff must make his remittance payable to "Clerk, United States District Court," and shall include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, against Defendants Seth Chandler and Unknown Dunbar, employees of the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Seth Chandler and Unknown Dunbar in their official capacities are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that Plaintiff's equal protection claims are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE